HENRY POLLOCK v. HOUSTON & TEXAS CENTRAL RAILROAD COMPANY.

No. 2007. Decided December 22, 1909.

1.—Negligence—Proximate Cause—Anticipating Danger.

Plaintiff, a section hand, leaving the track to avoid danger from an approaching train was struck in the eye by a cinder from the engine when about four or five feet distant from it. The negligence relied on was that of his foreman in delaying to order the men off the track soon enough to enable them to get a

safe distance therefrom. Evidence considered and held sufficient to support the conclusion that the foreman might have anticipated danger from the passing train to one in such proximity to the track. (Pp. 71, 72).

### 2.—Contributory Negligence—Question of Fact.

Evidence upon the issue of contributory negligence by a section hand in failing, when warned by the foreman to leave the track on the approach of a train, to remove to a safe distance with sufficient promptness, considered and held not sufficient to establish such negligence as matter of law. (P. 72).

### 3.—Practice in Supreme Court.

Where the Court of Civil Appeals reversed and remanded a case because of the insufficiency of the evidence in law to justify a recovery, the Supreme Court, reversing this ruling, because the evidence is sufficient to raise an issue of fact, will treat the finding of the appellate court as a holding that the evidence was not sufficient in fact to sustain the verdict and will reverse and remand the case. (P. 72).

Error to the Court of Civil Appeals for the Sixth District in an appeal from Grayson County.

Pollock sued the railway company and obtained judgment which, upon defendant's appeal, was reversed and remanded for insufficiency of the evidence to sustain a recovery. Appellee Pollock thereupon obtained writ of error on the ground that the ruling of the Appellate Court holding the evidence insufficient in law practically settled the case.

*Wolfe, Hare & Maxey,* for plaintiff in error.—The Court of Civil Appeals erred in holding as a matter of law that there was no evidence to show negligence on the part of defendant in error or of its foreman, Mr. Kidd. Western Assurance Co. v. Kemendo, 94 Texas, 373; Choat v. Railway Co., 90 Texas, 88; Joske v. Irvine, 91 Texas, 582; Ft. Worth & R. G. Ry. Co. v. Kime, 54 S. W., 240; Gulf C. & S. F. Ry. Co. v. Wagley, 15 Texas Civ. App., 308; Lee v. International & G. N. Ry. Co., 89 Texas, 588; Edrington v. Kiger, 4 Texas, 94; Bailey v. Haddy, Dallam, 377.

*Baker, Botts, Parker & Garwood,* and *Head, Dillard & Head,* for defendant in error.—Before defendant could be held guilty of negligence in not giving plaintiff longer notice to leave the track, it was necessary that the evidence be sufficient to justify a finding that a person of ordinary prudence, under the circumstances, should have anticipated that failure to give such notice might result in plaintiff receiving an injury in the manner this one was received, and the evidence was not sufficient to authorize such a finding. Missouri, K. & T. Ry. Co. v. Scruggs, 106 S. W., 778; Texas & P. Ry. Co. v. Bigham, 90 Texas, 227; St. Louis S. W. Ry. Co. v. Pope, 98 Texas, 540; Neely v. Ft. Worth & R. G. Ry. Co., 96 Texas, 274; Brush Electric L. & P. Co. v. Lefevre, 93 Texas, 604.

Before defendant could be held guilty of negligence in not giving plaintiff longer notice to leave the track, it was necessary that the evidence be sufficient to justify a finding that a person of ordinary prudence, under the circumstances, should have anticipated that failure to give such notice might result in plaintiff receiving an injury in

the manner this one was received, and the evidence was not sufficient to authorize such a finding. Ft. Worth Stockyards Co. v. Whittenburg, 9 Texas Ct. Rep., 108; Reed v. St. Paul, M. & O. Ry., 36 A. & E. Ry. Cases, 797; Texas & P. Ry. v. Bradford, 66 Texas, 732; Houston & T. C. R. R. v. Fowler, 56 Texas, 452; Brown v. Miller, 62 S. W., 547; Texas & P. Ry. v. French, 86 Texas, 96.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

Henry Pollock was a member of a section gang who were employed in repairing the roadbed of the Houston & Texas Central Railroad Company under the management of Kidd as foreman. On the day of the accident the gang were engaged in raising a dump upon the railroad track. A train was seen approaching from the south and Kidd told the men to keep working and he would call them off before the train reached them and in time for them to assume a safe position. When the train approached within forty-five to seventy-five yards of where the men were at work, they were called off and Pollock left the track and had got four or five feet from it, when a piece of coal, or cinder, or some such hard substance struck him in the eye. He did not get further away because he says he did not have time. One witness testified that he thought the train was running thirty-five to forty miles on hour. Other witnesses said it was running "pretty fast." The substance that struck the plaintiff in the eye seemed hot and some days after the accident was taken out by a physician; but the eye was ulcerated and the sight lost. The evidence for plaintiff tended to show that it was customary when the section gang were at work on the track and a train approached, for the foreman to give orders for them to keep at work, and he would notify them when to clear the track.

We were inclined to think that the occurrence was so unusual that it could not be said that the foreman ought to have anticipated it and that therefore he was not negligent. But upon examining the testimony we find that Kidd, the foreman, testified: "There is more danger in standing right close to a rapidly moving train than farther away. A swinging door or something falling down on you. I do not think there is more danger from escaping steam. I don't think that could bother a person five or six feet away. It is a fact that there are various dangers in standing in four or five feet of a train than there is in standing farther away." The plaintiff testified: "There is more danger in being three or four feet of a moving train than there is in being ten or fifteen feet away." T. W. Burke testified: "The custom was for the foreman to halloa the men off in plenty of time to get away from the track a sufficient distance to be entirely safe. As to what will constitute a reasonable distance I would think that something like fifteen or twenty feet would be a reasonable distance." J. S. Martin swore that "there was a custom in January, 1907, on the defendant's section where plaintiff was hurt in regard to the foreman halloaing the men off in time to enable them to get a reasonable distance from the passing train. The custom was to halloa us off in time to get far enough away to be out of danger. I think a reasonable distance would be something like twenty or

twenty-five feet away from the track." It would seem from the evidence that Kidd might reasonably have anticipated danger from leaving the men too near the passing train, but also that he did in fact anticipate it. There was ample evidence to warrant the jury in finding that the time allowed the men for leaving the track by Kidd was too short for them to do so in safety.

We do not concur with the Court of Civil Appeals in holding that the evidence undisputably shows that plaintiff was guilty of contributory negligence. The plaintiff testified, as we have seen, that he did not get further away because the time was too short for him to do so and that he left the track hurriedly. The testimony of other witnesses confirm this view. We do not think that this testimony can be broken down and disregarded by a mathematical calculation. If the data upon which the calculation is based are certain then the result of the calculation may be relied upon as being absolutely certain, but if the data be doubtful, then the result is necessarily doubtful.

The Court of Civil Appeals have jurisdiction to determine the facts; and because they have held that there was no sufficient evidence to sustain the verdict, we must presume, that they would have held that the verdict was contrary to the weight of the evidence and therefore the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*