E. A. TWEED v. WESTERN UNION TELEGRAPH COMPANY.

No. 2329. Decided May 13, 1914; June 26, 1915.

**1.—Evidence—Expert—Relevancy.**

An expert witness for plaintiff on the issue of his insanity as a result of
personal injuries sued for could not, on direct examination, describe the mental
condition and capacities of patients in general under his charge in an insane
asylum.   The testimony was irrelevent.   (P. 251.)

**2.—Evidence—Capacity of Expert—Opinion.**

Where the competency and qualifications of an expert witness testifying as
to plaintiff's insanity had not been attacked, it was not permissible to support
his evidence by the opinion of another as to the experience and competency of
the first as an expert.   (P. 251.)

**3.—Evidence—Opinion—Safety.**

A witness could not be permitted to testify, on the issue of plaintiff's con-
tributory negligence, that there was no danger in a telegraph lineman going up
on a pole and using a safety belt in construction work after he had heard the
foreman say it was all right.   (Pp. 251, 252.)

**4.—Mental Suffering—Insane Person.**

Where insane melancholia was claimed as a result of plaintiff's physical
injuries, recovery of damages for mental suffering was not thereby precluded.   It
could not be asserted as matter of law that such person was incapable of expe-
riencing physical or mental anguish, and whether his condition was such that he
could not experience mental suffering was a question for the jury.   Texas & P.
R. Co. v. Curry, 64 Texas, 85, limited.   (P. 252.)

ON MOTION FOR REHEARING.

**5.—Practice in Supreme Court—Rendition or Remand.**

Where in a case reversed and remanded the Supreme Court obtains jurisdic-
tion on the ground that the opinion settles the case, it holding that the evidence

showed contributory negligence which the trial court should have treated as matter of law, the Supreme Court, though disagreeing with this conclusion, will neither affirm the recovery nor reverse and render. It will treat the finding of the appellate court as determining the sufficiency of such evidence to require a verdict for defendant on the issue of fact, of which matter it, not the Supreme Court, has jurisdiction, and will affirm the judgment remanding the case for retrial. Pollock v. Houston & T. C. R. R. Co., 103 Texas, 69; Lee v. International & G. N. Ry. Co., 89 Texas, 583; Choate v. San Antonio & A. P. Ry. Co., 91 Texas, 406, followed. Beck v. Texas Co., 105 Texas, 303, distinguished. (Pp. 253-255.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Dallas County.

Tweed, plaintiff in the trial court, obtained writ of error on a judgment reversing and remanding the case on defendant's appeal.

*T. M. Campbell* and *Carden, Starling, Carden, Hemphill & Wallace,* for plaintiff in error.—The Court of Civil Appeals erred in its conclusion that upon the evidence before it a verdict for the defendant should have been directed. Clarendon Land Co. v. McClelland, 86 Texas, 188.

Inasmuch as the poles from which Tweed had been previously cutting the wires were unsound, and inasmuch as Tweed received the assurance of his foreman who was defendant's vice principal that the pole which fell with him was sound, after such foreman had made an inspection thereof, and inasmuch as Tweed had no knowledge of the necessity of guying a sound pole, or any knowledge that it was his duty to guy such pole; it is a question of fact for the jury whether a man of ordinary prudence would have used the guy-wires and clamps at all, and if so used to what extent. Anderson v. St. L. & S. W. Ry. Co., 138 S. W., 107; Currie v. M. K. & T., 101 Texas, 478; Lee v. Railway Co., 89 Texas, 583; Railway Co. v. Gasscamp, 69 Texas, 545; H. & T. C. Ry. Co. v. Smith, 39 S. W., 582; H. & T. C. Ry. Co. v. Alexander, 119 S. W., 1135; Labatt, Master & Servant (2d ed.), sec. 1233; Walsh v. N. Y. & Q. C. Ry. Co., 80 N. Y. S., 767; same case affirmed, 178 N. Y., 588; Willis v. Plymouth & C. Tel. Exch. Co., 75 Atl., 877; Port Royal & W. C. Ry. Co. v. Davis, 95 Ga., 292.

The conclusions reached by the Court of Civil Appeals as to the effect of the undisputed testimony are conclusions of law and not of fact, and therefore the Supreme Court has jurisdiction in this cause to render final judgment upon this record without further proceedings. Beck v. Texas Co., 105 Texas, 303; Poindexter v. Receivers, 101 Texas, 322; Guisti v. Galveston Tribune, 105 Texas, 497.

If this case is to be reversed and remanded, then it should be remanded to the honorable Court of Civil Appeals, instead of to the District Court. Wininger v. Fort Worth & Denver City Ry. Co., 105 Texas, 56; G. C. & S. F. Ry. Co. v. Cannon, 88 Texas, 312; art. 1552, Rev. Stats. of 1911 as amended in the Acts of 1907.

Where the mental capacity of the plaintiff in a personal injury suit is in issue, and there is other evidence of mental derangement, it is competent for a physician to testify as to whether persons who are insane,

or have deranged minds, at some times appear to be sane and talk and act practically sane upon subjects, and converse in a practically sane manner.   Whittlesley v. B. C. R. & N. Ry. Co., 121 Iowa, 597, 90 N. W., 516.

It is proper to show by one professional witness what experience another professional witness, who has been offered as an ·expert, has had, so that the jury may determine what qualifications he possesses, and so that it may know the extent of his skill.   Thompson v. Ish, 99 Mo., 160, 12 S. W., 514; Laros v. Commonwealth, 84 Pa. St., 200-209; Rogers on Expert Testimony, sec. 37, pp. 85 and 86; Mason v. Phelps, 48 Mich., 126, 11 N. W., 839; People v. Holmes, 111 Mich., 364, 69 N. W., 506; Jones v. Angell, 95 Ind., 376-9.

It is proper for an expert witness to testify as to the danger of going upon sound poles under any given circumstances.   M. K. & T. Ry. Co. v. Beaseley, 106 Texas, 160; E. Texas Ry. Co. v. Scurlock, 97 Texas, 305; G. H. & H. Ry. Co. v. Bohan, 47 S. W., 1050; Bonner v. Mayfield, 82 Texas, 234; S. A. & A. P. Ry. v. Parr, 26 S. W., 861; Taylor, B. & H. Ry. Co. v. Warner, 60 S. 'W., 442; I. & G. N. Ry. Co. v. Newburn, 94· Texas, 310; Standard Oil Co. v. Tierney, 96 Ky., 89, 27 S. W., 983; I. & G. N. v. Collins, 33 Texas Civ. App., 58, 75 S. W., 816; St. L. S. W. Ry. Co. v. Neff, 138 S. W., 1168; M. K. & T. Ry. Co. of Texas v. Hedric, 154 S. W., 633; M. K. & T. Ry. Co. of Texas v. Howell, 126 S. W., 899; Railway Co. v. Johnston, 78 Texas, 536; I. & G. N. Ry. Co. v. Satterwhite, 19 Texas Civ. App., 170, 47 S. W., 41; Baldridge & Courtney Bridge Co. v. Cartrett, 75 Texas, 628; Texas Southern Ry. Co. v. Hart, 32 Texas Civ. App., 212, 73 S. W., 833.

It was a question for the jury not only to find whether Tweed was affected with mental trouble, but if it found that he was so affected, to determine the nature and character thereof, and whether it was continued or intermittent, and if intermittent, whether during his rational and lucid intervals he suffered mental anguish.   T. & P. Ry. Co. v. Curry, 64 Texas, 88; Western Union Tel. Co. v. Thompson, 18 Texas Civ. App., 609, 45 S. W., 429; City of San Antonio v. Kreusel, 17 Texas Civ. App., 594, 43 S. W., 615; Texas T. & T. Co. v. Thompson, 130 S. W., 705; H. E. & W. T. Ry. Co. v. Perkins, 21 Texas Civ. App., 508, 52 S. W., 124; M. K. & T. Ry. Co. v. Ball, 25 Texas Civ. App., 500, 61 S. W., 327; T. & P. Ry. Co. v. Armstrong, 93 Texas, 31; G. H. & S. A. Ry. Co. v. Thornsberry, 17 S. W., 524; G. H. & S. A. Ry. Co. v. Garrett, 98 S. W., 935; Vicksburg, Shreveport & Pacific v. Jackson, 133 S. W., 925; Kennedy v. St. Louis T. Ry., 103 Mo. App., 1, 78 S. W., 78; H. E. & W. T. Ry. Co. v. White, 61 S. W., 436.

The mere fact that the plaintiff may have been rendered insane as a result of his injuries does not preclude a recovery for mental pain and suffering; but the right to recover for such elements of damage depends entirely upon whether in his affliction he was capable of suffering this anguish, and this became a question of fact for the jury to determine.

I. & G. N. Ry. Co. v. Leak, 64 Texas, 658; Gulf W. T. & P. Ry. Co. v. Holzheuser, 45 S. W., 188.

*Ramsey, Black & Ramsey* also filed argument in support of plaintiff in error's motion to grant rehearing and affirm the judgment of the District Court.

*N. L. Lindsley* and *W. J. J. Smith (Geo. H. Fearons,* of counsel) for defendant in error.—In the absence of any attack upon the credibility of the witness Rosser, or upon his professional standing, it was reversible error for the court to permit plaintiff to prove by the witness Carey on cross-examination that Rosser is accepted as an expert in the court house and that Rosser had had experience in mental and nervous diseases, and not only that, but that he had had a number of cases and been in court. Rev. Stats., art. 1317; Stooksbury v. Swan, 85 Texas, 563; Railway Co. v. Lane, 127 S. W., 1066, and authorities therein cited; Rogers on Exp. Test. (2d. ed.), sec. 37, p. 85; Tullis v. Kidd, 12 Ala., 648; De Phue v. State, 44 Ala., 39; Brabo v. Martin, 5 La., 275; Law. on Exp. & Op. Ev. (2d ed.), p. 564, at N. 7 in the text.

It is not competent to prove by the opinion of the witness that there is no danger for a plaintiff to go up on a pole and use a safety belt on construction work after he heard the foreman say it was all right, nor that it would not be dangerous for the plaintiff, acting as a lineman, to go up on a pole and use a safety belt if the pole had been inspected, when that is one of the very issues being tried by the jury. Rev. Stats., art. 1317.

Defendant was entitled to a peremptory instruction in its favor on the ground of contributory negligence of the plaintiff. S. W. Tel. & Tel. Co. v. Tucker, 102 Texas, 224; Joske v. Irvine, 91 Texas, 574; Sanches v. S. A. & A. P. Ry. Co., 88 Texas, 119.

If the pole fell and the injury resulted to Tweed as a proximate result of the guy wire being insufficiently adjusted, or the clamps being insufficiently tight, defendant was entitled to a verdict and to have the jury so charged, where the undiputed evidence showed that it was the duty of Tweed to examine and see that the splices in the guy wire were properly adjusted. Sanches v. Railway Co., 88 Texas, 117; Patterson v. Railway Co., 40 S. W., 442, 48 S. W., 747; Railway Co. v. Jenkins, 29 Texas Civ. App., 440, 69 S. W., 233.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

The application was granted because the judgment of the honorable Court of Civil Appeals, in reversing the judgment and remanding the case, "practically settled the case." We conclude that if the trial court should follow the law as declared in the opinion it would result in a judgment against the plaintiff in error. The facts are not so definitely in favor of either party as to authorize this court to enter judgment; therefore, we affirm the judgment of the Court of Civil Appeals and remand the case.

We make this statement of the facts: The plaintiff Tweed was in the employ of the Telegraph Company, and was seriously injured by the falling of a pole on which he was at work. It was charged that the pole was unsound and the company negligent in furnishing it, therefore liable for the injury caused by the falling of the pole. The company defended upon the ground of the contributory negligence of the plaintiff in the manner of using the pole and also because plaintiff assumed the risk of using the defective pole. The law upon each of those issues is so well settled that we can not give aid to the court in another trial by discussing those rules. We conclude that the most effective aid we can render to the District Court at another trial will be to review those issues of law which will probably arise again.

The first error pointed out by the honorable Court of Civil Appeals which we will notice was permitting Dr. Rosser to testify over defendants' objection as follows: "Well, just roughly I would say that out of a thousand patients (meaning the Terrell Insane Asylum) not over twenty-five or thirty of them would not be able to take care of a call of nature. The balance of them would be able to do it, and that proportion of them who are able to do it go out on their daily walks with one attendant to take care of fifty of them at a time. Many of them spend their time in the reading ward and playing billiards, many of them are expert billiard players. Probably 100 out of a thousand keep up with the current literature of the day." And in allowing said witness in the same connection to testify: "A great majority of the farming is done by the patients (meaning the patients at the Terrell Insane Asylum). The laundry and dairy are taken care of by the patients; they milk the cows and take care of the cows and of the milk; do the planting with an overseer. These are regular patients down there in the Asylum. The trouble with them is, they have either lowered their intelligence or are twisted on certain points." So far as we can see from the opinion, the evidence was irrelevant and should have been excluded. It furnished to the jury no guide for determining the mental capacity of plaintiff.

There seems to have been no attack upon Dr. Rosser's capacity as an expert in regard to insanity and there was no reason for admitting evidence to prove him capable. It was irrelevant because there was no issue to which it could apply. International & G. N. Ry. Co. v. Lane, 127 S. W., 1067; Rogers on Expert Evidence, p. 85. No comment is necessary or could elucidate the question.

It appeared from the court's opinion that a witness was permitted over defendant's objection to testify, "that there is no danger for a lineman to go up on a pole and use a safety belt on construction work after he has heard the foreman say it is all right." There could be no doubt of the impropriety of such evidence and its character excited in the mind of the writer doubt of the correctness of the statement in the record. Doubtless the witness testified or intended to testify that such statement would

satisfy the servant that there was no danger. In either phase it was not admissible.

The honorable Court of Civil Appeals quotes from Texas & P. R. R. Co. v. Curry, 64 Texas, 85, as follows: "The rule regulating pleading in this class of case is thus stated: 'The general allegations of damages will suffice to let in proof and to warrant recovery of all such damages as naturally and necessarily result from the wrongful act complained of; the law implies such damages; that is, damages of that sort, and proof only is necessary to show the extent and amount.' . . .

"The rule, however, is satisfied when from the facts stated the law infers other fact or facts; for whatsoever the law infers from a given state of facts, the adverse party is presumed to know, and must take notice of, whether it is specially pleaded or not.

"The law infers, when such injuries to the person are shown to have existed as are alleged and proved in this case, that physical pain resulted therefrom; for by common observation we know that in the ordinary operation of natural laws, pain is a necessary result of such injuries, unless the condition of the injured person be abnormal, which will not be presumed.

"This is equally true as to mental suffering; for it is contrary to common experience and the laws of man's existence and nature that any sane, healthy and robust person by physical injuries may be made a cripple for life in a matter affecting his health, comfort or capacity, without mental pain resulting from the changed condition."

The Court of Civil Appeals concludes that from the use of the word "sane" the Supreme Court meant to hold that in case of physical injury to an insane person there could not be mental suffering. This is not a sound construction of the language of the opinion. The court distinctly applied the same rule to mental as to physical suffering, each would be presumed from the injury, and no doubt of physical pain in such cases would be suggested. Such abnormal mental condition as would prevent the presumption of mental suffering would be a matter of defense which must be proved and submitted as a fact.

There is no principle of law which would authorize this court to say that one afflicted with melancholia could not experience mental anguish or any of the emotions which constitute mental suffering. The question of damages for physical pain and mental suffering is for the jury, and we know of no rule of law which would deny either unless the defendant should prove such condition as would authorize the jury to say that such presumed result did not arise from the physical injury. Surely no court has a right to say that any character of insanity prevents a party from experiencing mental suffering when such persons manifest an appreciation of physical pain.

The cause is remanded to the District Court.

## ON MOTION FOR REHEARING.

Mr. Chief Justice Phillips delivered the opinion of the court.

[Mr. Chief Justice Brown, who delivered the original opinion, died while this motion was pending, and Mr. Justice Phillips was appointed as his successor.].

We have carefully considered the respective motions for rehearing filed by each of the parties to the case, and conclude that both should be overruled.

We adhere to the disposition made of the several questions discussed in the opinion delivered by the late Chief Justice Brown on the original hearing of the case. In that opinion it was stated: "The facts are not so definitely in favor of either party as to authorize this court to enter judgment; therefore we affirm the judgment of the Court of Civil Appeals and remand the case." Inasmuch as the effect of the opinion of the Court of Civil Appeals, as we construe it, was a holding by that court that the plaintiff below, according to the undisputed proof, was guilty of contributory negligence as a matter of law, and the cause remanded for another trial under its judgment, the fact that we affirmed its judgment in remanding and declined to render judgment here for the defendant in error, in connection with the quoted statement from Judge Brown's opinion, sufficiently indicated, we thought, that we did not agree with the conclusion of that court that the undisputed proof showed Tweed to have been guilty of contributory negligence as a matter of law; since had we agreed with that conclusion we would have had the authority to render the judgment for the defendant in error under the statement made by counsel for plaintiff in error in their application for writ of error "that the judgment of the Court of Civil Appeals practically settled the case." The judgment of that court having remanded the cause for another trial, our jurisdiction only attached because of the practical settlement of the case by the opinion of that court, the law governing our jurisdiction in the case being that in force prior to the amendatory act of 1913.

It is due, however, because of the seeming misapprehension of Judge Brown's opinion, that we more definitely state that we do not agree with the conclusion of the honorable Court of Civil Appeals upon the question of Tweed's contributory negligence. We believe that the evidence was such as to require the submission of that issue to the jury. We base this view upon that portion of the testimony which showed that before he went upon the pole, the fall of which caused his injury the Telegraph Company's foreman, in Tweed's presence, made an inspection of the pole and within Tweed's hearing announced, substantially, that it was all right. Granting that it was ordinarily the duty of an employe about to go up on a pole under the circumstances shown, to properly secure it by the use of guy wires and clamps, and that Tweed in this instance failed to take that precaution, still the inspection of the pole by the foreman and his assurance that it was all right made it a question of fact for the jury, we think, whether Tweed's going upon the pole without

having previously secured it by guy wires and clamps was an act amount-
ing to contributory negligence.

Notwithstanding our disagreement with the conclusion of the Court
of Civil Appeals upon this question, it is plain, under the settled rule
of decision, that we have no authority to render judgment here for the
plaintiff in error. This proceeds from the jurisdiction of the Court of
Civil Appeals to determine the facts of a case, and its undoubted power
to set aside the findings of the jury in the trial court, and remand the
case for another trial. That was done here, in the clear exercise of the
authority of that court. The case of Pollock v. Houston & T. C. R. R.
Co., 103 Texas, 69, 123 S. W., 408, the opinion having been delivered by
Chief Justice Gaines, clearly controls this question. There upon a
favorable judgment for the plaintiff the Court of Civil Appeals held
that the evidence indisputably showed that the plaintiff was guilty
of contributory negligence, reversed the judgment of the trial court
and remanded the case. This court took jurisdiction because that
ruling "practically settled the case." Upon the hearing the court held
that the conclusion that the plaintiff was shown to have been guilty
of contributory negligence according to the undisputed proof, was er-
roneous. Nevertheless, this court recognized that the Court of Civil
Appeals had full authority to set aside the verdict and remand the case,
and under this condition it was without the power to render judgment.
It was there said upon this question:

"The Court of Civil Appeals has jurisdiction to determine the facts;
and because they have held that there was no sufficient evidence to sustain
the verdict, we must presume, that they would have held that the verdict
was contrary to the weight of the evidence and therefore the judgment
is reversed and the cause remanded for a new trial."

The case of Lee v. International & G. N. Ry. Co., 89 Texas, 583, 36
S. W., 63, is another controlling authority. There, as in this case, the
Court of Civil Appeals held that the plaintiff's decedent was guilty of
contributory negligence under the evidence as a matter of law, and for
that reason reversed the judgment of the trial court and remanded the
case. On motion for rehearing the identical contention which is here
made by the plaintiff in error was there urged, namely, that inasmuch as
this court had held on the original hearing that the conclusion of the
Court of Civil Appeals was erroneous and the judgment of that court
was based upon a conclusion of law, the judgment should have been here
rendered in favor of the plaintiff in error, who had invoked the juris-
diction of the court upon the ground that the decision of the Court of
Civil Appeals "practically settled the case." In the course of Judge
Brown's opinion upon this question it was said:

"We can not reverse the judgment of the Court of Civil Appeals; for
although error was committed in announcing the legal conclusion upon
the evidence, that court had the power to reverse for the reason that the
verdict was against the weight of the evidence. It is true that the
statute says that, when the decision of the Court of Civil Appeals

sustained, this court must enter judgment accordingly; but that means that in such case the court must enter judgment against the applicant if the facts found justify it. The case will be remanded to the District Court for trial in accordance herewith."

An extended printed argument has been filed in this case by counsel for the plaintiff in error, urging that we ought to render judgment in his favor because of our not having sustained the conclusion of the Court of Civil Appeals that Tweed was guilty of contributory negligence ·as a matter of law, the jury having resolved that issue in favor of the plaintiffs; but in view of these plain adjudications, as well as the explicit opinion of Judge Gaines in Choate v. San Antonio '& A. P. Ry. Co., 91 Texas, 406, 44 S. W., 69, we find some difficulty in understanding how any misapprehension could have arisen upon this question. With the Court of Civil Appeals invested with the full power of determining the facts of the cause, and setting aside the verdict of a jury on the facts, it must be assumed, as is said in the opinions quoted, that in reaching a conclusion that the evidence showed as a matter of law that the plaintiff was not entitled to recover, and for that reason ordering that the cause be remanded, in the same case it would have held that the verdict was against the weight of the evidence. With a case thus remanded under the judgment of the Court of Civil Appeals, it would amount to a denial of its authority to determine the facts and set aside a verdict on the evidence for this court to assume the power of rendering the judgment because it differed with the conclusion reached by that court upon the effect of the evidence.

Beck v. The Texas Company, 105 Texas, 303, 148 S. W., 295, furnishes no analogy. The distinction between that case and this one is manifest. There the court did not exercise the authority it possessed to set aside the verdict on the facts· and *remand* the cause. It *rendered* judgment in favor of the defendant on the facts; and in doing so made no finding of fact which would defeat recovery. In differing with the Court of Civil Appeals upon the question of law as to the effect of the evidence, we were authorized to affirm the judgment of the lower court, since the Court of Civil Appeals had not sought to exercise its province of determining the facts and ordering the case remanded for another trial because of its difference with the jury on the facts, and in affirming the judgment we therefore in nowise trenched upon its authority. Had the Court of Civil Appeals there remanded the case instead of rendering judgment, we would have been compelled to respect its judgment to that extent and could not have affirmed the trial court judgment.

*Judgment of Court of Civil Appeals affirmed and cause remanded to trial court.*