HOUSTON OIL CO. OF TEXAS v. BILLINGSLEY. (No. 94–2915.)

(Commission of Appeals of Texas, Section B. June 28, 1919.)

1. ADVERSE POSSESSION ⬚114(1)—TITLE BY LIMITATION.

In trespass to try title, evidence *held* sufficient to sustain a finding that defendant had title by limitation of five years on account of the adverse possession of its predecessor.

2. APPEAL AND ERROR ⬚1178(6) — DISPOSITION—REMAND FOR NEW TRIAL OF WHOLE CASE.

In trespass to try title involving two distinct issues of fact, first, identity of the original grantee of the title, second, title by limitation in defendant's remote vendor, where the court rendered judgment for defendant on the finding for it on the title by limitation issue, so that defendant was not in a position to have the court pass on the sufficiency of the evidence to support the verdict on the identity of the grantee issue, there should be a new trial on the whole case on remand by the Supreme Court after rendition of judgment for plaintiff by the Court of Civil Appeals.

Error to Court of Civil Appeals of First Supreme Judicial District.

Action by W. A. Billingsley against the Houston Oil Company of Texas. From judgment for defendant, plaintiff appealed to the Court of Civil Appeals, which reversed and rendered judgment for plaintiff (182 S. W. 373), and defendant brings error. Reversed, and case remanded for trial on recommendation of the Commission of Appeals.

H. O. Head, of Sherman, Parker & Kennerly, of Houston, and Oswald S. Parker, of Beaumont, for plaintiff in error.

Wilson, Dabney & King, of Houston, and Minor & Minor, of Beaumont, for defendant in error.

SADLER, J. This action is in trespass to try title. On the trial of this case, there were two special issues submitted to the jury. One was on the question of the identity of Eduardo Arriola, the original grantee; the other was on defendant's claim of title under the five years' statute of limitation. The first was answered favorably to the contention of the plaintiff, Billingsley; the other favorably to the defendant. The court rendered judgment on these findings and the evidence for defendant. The plaintiff appealed. The defendant did not file motion to set aside the findings on the question of identity, and did not cross-assign errors. Plaintiff's assignments called in question matters relating to defendant's plea of title by limitation. The Court of Civil Appeals held against all of these assignments, except that as to the sufficiency of the evidence to show occupancy for the period of five years. The appellate court found that there was no evidence supporting the continuous occupancy of the land by the defendant for five years. A verdict on the question of limitation and the judgment favorable to the defendant was set aside. The judgment was reversed, and that court rendered judgment for the plaintiff. 182 S. W. 375.

Writ of error was granted, in the view that the appellate court erred in rendering the judgment, and that there was some evidence that the occupancy was continuous for a five years period.

As the defendant in error has raised the question in this court as to the correct judgment which should be here recommended in the event it should be held that the appellate court erred in rendering the judgment, we will give a short statement of the controversy on identity.

The land was titled by the government in 1835 to Eduardo Arriola. Plaintiff claimed that his grantee was Eduardo Arriola—a citizen of Mexico—residing near Gonzales, who died in Kinney county in the eighties, whose wife was named Juanita, and who had two

sons, Enrique and Francisco. Defendant claimed under Eduardo Arriola, who was a resident of Austin's Colony in 1835, had a family consisting of wife and several children, and who died in California. The records in the land office tend to show that Eduardo Arriola, to whom the title issued, was the head of a family of seven.

We have read with great care the entire statement of facts.

[1] On the length of continuous occupancy necessary to sustain the statute of five years' limitation, the evidence is not as satisfactory as it appears from the record it could have been made; yet we cannot say that there is no evidence from which the jury may have found the occupancy continuous for the five-year period.

Hooks testified for the defendant that in the latter part of 1891, or the first part of 1892, the Hooks Lumber Company, then claiming under deeds duly registered, began the construction of a tramroad on the Arriola league—the land in controversy. It began putting down the road on the east line of the survey. Boggy creek is on the league, and near the east line. A bridge, 150 feet long, had to be built across this creek. The grading had to be done before the ties and rails could be laid. The last deed was dated and filed November 17, 1890. Hooks says that they had got pretty well into or across this league with the tramroad in 1½ or 2 years from the date of the deeds to the lumber company; that they were cutting timber on the league during three or four years; and that the tramroad was on the league three or four years. It appears to us that these dates and their application could have been more definitely shown.

From this testimony we are of opinion that some evidence is presented tending to show that 5 years continuously intervened from the time entry was first made on the league until the occupancy was wholly abandoned. It is reasonable to construe the testimony to be that in the latter part of 1891, or the first part of 1892, the construction of the tramroad was begun at the east line of the survey; that the bridge was thereafter constructed across Boggy creek; that 1½ or 2 years from the date of the deeds the road had actually been extended halfway across or across the league; that the work of cutting timber actually covered a period of 3 or 4 years; and that the entire tramroad was on the land for 3 or 4 years. The jury may have drawn the conclusion from these facts that 5 years had intervened from the time the tramroad was first begun on the league until it was entirely removed in June, 1897. We are not able to say that the evidence wholly fails to sustain such conclusion.

In our opinion, the appellate court erred in holding that there was no evidence on the question of continuous occupancy for a period of five years, and in rendering judgment for the plaintiff. We are of the opinion, however, that the Court of Civil Appeals, in holding that there was no evidence to sustain the finding of the jury on limitation, incorporates within that holding a finding that the verdict was contrary to the weight of the evidence, and that it would have remanded the case in this view. Tweed v. W. U. Tel. Co., 107 Tex. 247, 166 S. W. 696, 177 S. W. 957; Pollock v. H. & T. C. Ry. Co., 103 Tex. 69, 123 S. W. 408.

Defendant in error earnestly urges that, if we hold that this cause should be remanded, we ought to confine the question for the trial court to the determination of limitation only, letting the finding and judgment stand on identity.

Counsel for each side have presented very able oral and written arguments on this question. We have given to the same our most careful consideration. Apparently there is much merit in the position of defendant in error. We, however, have concluded that in the present case this course should not be pursued.

In the personal view of the writer, there is only one subject-matter involved—the league of land. There is only one general issue of law—that of title. Each party claims the whole of the land under title from the sovereignty. On the issue of title, one of the parties seeks to maintain his right in one way, while the other relies upon a different state of facts. Billingsley asserts his title to the land by direct connection with the original grantee. The defendant claims under two chains of proof: One by direct deraignment from a different original grantee, the other by the intervening of an obstruction to the flow of title to Billingsley from the original grantee under whom he claimed. The evidence is sharply conflicting on the question of the original grantee. It may be well said that on this question the jury found that the inception of title was in Eduardo Arriola, under whom plaintiff claimed. This is not a finding, however, that the title vested in Billingsley. Under neither special question submitted to the jury was it called upon to answer where the title was at the date of the trial. This was left for the court to find from the other facts in evidence after the jury had resolved the conflicts as to past conditions in the chain of title. The court on this verdict had settled for him two things: That in 1835 the title was in plaintiff's remote grantor, but that subsequently, and at a date prior to the trial, it had passed to a remote vendor of the defendant. It then became necessary for the court to look to the other evidence in the record to determine whether this title had presently vested in the plaintiff or defendant. Additional facts were found supporting defendant's present claim. When the judgment is set aside, it leaves the title undetermined.

[2] We are of unanimous opinion, howev-

er, that in this case there were two distinct issues of fact: First, on identity of the original grantee of the title; and, second, on limitation. The jury found that the Eduardo Arriola through whom plaintiff claimed was the original grantee to whom the title issued, but further found facts showing title by limitation in a remote vendor of defendant.

The trial court rendered judgment for the defendant.

The plaintiff alone filed a motion for a new trial. The defendant, having secured judgment, was not in a position to have the trial court pass on the sufficiency of the evidence to support the verdict upon the first issue of fact. The trial court could not set the verdict aside, except as a whole, by granting a new trial; and the defendant, in our opinion, with judgment in its favor, was not called upon to ask for a new trial. It could not assign error as to the finding on the first issue in the Court of Civil Appeals, because no motion for a new trial had been made. Therefore neither the trial court nor the Court of Civil Appeals has had an opportunity to pass upon the verdict upon the first issue.

The evidence upon the issue of identity was conflicting, and there were circumstances tending very strongly to show that the Arriola through whom defendant claimed was the original grantee of the title. The trial court, in the exercise of its discretion, if called upon to pass on the verdict on this issue, might have granted a new trial. Under the circumstances of this case, we think that there should be a new trial on the whole case.

We are not to be understood as expressing any opinion on the evidence.

Believing that the ends of justice demand that the judgment of the Court of Civil Appeals rendered for plaintiff, Billingsley, should be reversed, and that the case should be remanded to the district court for trial on all questions arising on the pleadings and under the proof, we so recommend.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court. We approve the holding of the commission on the questions discussed.