CHARLES F. GUENTHER, JR. v. J. T. ROBISON, COMMISSIONER OF
GENERAL LAND OFFICE.

No. 5730.  Motion No. 8609.  Decided June 5, 1929.
(17 S. W., 2d Series, 765.)

*J. B. Lewright, Walter P. Luck* and *R. J. Randolph,* for relator.

T. G. Hendrick was not the owner of the land at the date of the forfeiture, but the title and ownership rested in the separate estate of his wife, and she alone had the preference right to repurchase, and having declined to exercise her right, the sale to her husband was like a sale to any other stranger, unauthorized and absolutely void.

It is clearly apparent that the Repurchasing Act contemplates ownership of the mineral estate by the State in event the owner at the date of forfeiture should not exercise his right to repurchase, the only disposition of the land otherwise authorized being with mineral reservation.

The land was not only not off the market during the year but the minerals therein were not beyond the application for an oil and gas permit.  An unauthorized sale is void, and does not have the effect of placing the lands or the minerals outside of the law pertaining to their disposition.  Briggs v. Key, 30 C. A., 565.

As Relator understands the present case it is not one to require the commissioner to adjudicate the title to titled land, but is merely to require him to correct an error made in an adjudication by him prior to the issuance of a patent, an adjudication that the statute

required him to make, and one which he is fully competent to review as in the state of facts suggested above by Judge Gaines.

The land in controversy was not titled land when relator's application was filed, and not being such it was on the market for sale, because that statute does not withhold land from sale unless it is titled land. The result was Relator secured a vested right to the land before it was titled by the patent.

If by issuing a patent to land after an adverse application has been filed, the Commissioner can make the land *titled land* within the meaning of the statute and the constitutional provision cited, as against the adverse applicant, such adverse applicant's rights are thereby adjudicated and terminated, as by such act of the Commissioner the land is withdrawn from sale under the terms of the said statute with retroactive effect, and an action of trespass to try title is not available, and the applicant has been deprived of his rights without his day in court.

*Claude Pollard,* Attorney-General, and *C. W. Trueheart,* Assistant, for respondent cited the per curiam opinion refusing leave to file in Ray v. Robison, Newman v. Robison and McCook v. Robison, ante, p. 331.

A mandamus proceeding in this court as against the head of a department of State Government is emphatically not a review, either of his executive or his incidental judicial functions, but simply and purely an ascertainment, with a view to his compulsion, of a clear unmistakable ministerial duty under the law, which involves no exercise of discretion and leaves no alternative. DePoyster v. Baker, 89 Texas, 155; Caven v. Coleman, 100 Texas, 467; Insurance Co. v. Love, 102 Texas, 277; Houston Tap Ry. Co. v. Randolph, 24 Texas, 332; Lacey v. State Banking Board, 11 S. W. (2nd) 499.

No such clear unmistakable ministerial duty can be said. to exist, involving no exercise of discretion and leaving no alternative duty, where an adverse patent stands as an apparent impediment and the Land Commissioner is to be required either to disregard it or declare it void and to grant rights in conflict with it.

Mr. Presiding Judge HARVEY delivered the opinion of the Commission of Appeals, Section A.

Under leave granted by the Supreme Court, the relator, Chas. F. Guenther, Jr., filed his application for mandamus to compel respondent, J. T. Robison, State Land Commissioner, to issue to

relator a permit to explore for oil and gas certain land in Winkler County, which is alleged to be unsold public school land. After the filing of the application for mandamus the respondent filed motion seeking to have the leave to file withdrawn and the application dismissed. This motion has been referred to us and we have heard arguments of counsel thereon.

The substance of the fact averments of the application for mandamus, so far as necessary to be stated here, is as follows:

In the year 1906 the land in question belonged to the public school fund. In that year the state sold the land to one R. D. Dorward, who executed his obligations to the state for the unpaid purchase money as prescribed by law. The land was sold to Dorward under the classification of dry grazing land. By mesne conveyances the land passed from Dorward to Ida Hendrick, wife of T. H. Hendrick. In September, 1925, several annual interest installments on the purchase money debt due the state, were past due and unpaid. The Land Commissioner duly declared the land forfeited for non-payment of interest. Ida Hendrick who owned the land, in her separate right, at the time of the forfeiture, did not seek to re-purchase the land. Her husband did make application to re-purchase, as owner of the land at the time of the forfeiture, and the land was awarded to him as such in March, 1926. Deeds showing Mrs. Hendrick to have been the owner of the land at the time of said forfeiture, were on file in the Land Office, along with the application of T. H. Hendrick, at the time of such award and at the time patent thereon was issued as hereinafter stated. The proceedings relative to the application of T. H. Hendrick and the award to him, conformed to the requirements of the statutes which relate to the re-purchase, by the "owner" at the time of forfeiture, of school land which had been forfeited for non-payment of interest. In January, 1927, the relator made application to the Land Commissioner for a permit to explore said land for oil and gas. He complied with all statutory requirements in that respect. The Land Commissioner refused to grant the permit. Sometime afterwards, a patent for the land, based upon the sale to T. H. Hendrick in March, 1926, was issued in due form to the assignee of Hendrick.

The claimants under the patent are parties to this mandamus proceeding, as co-respondents. The patent still is outstanding, and the rights of the claimants thereunder are not shown to have been adjudicated. This proceeding for mandamus originated after the patent was issued. The respondent's motion to dismiss the proceed-

ing is based solely on the ground that said patent has been issued and still outstands. The relator insists that because T. H. Hendrick was not the "owner" of the land at the time of the forfeiture for non-payment of interest, and because such fact appeared of record in the land office when the award to him was made, the award was and is void, and the land is subject to relator's application for an oil and gas permit. He further claims that because of the above facts the patent is void, and therefore can not furnish ground for dismissal of his application for mandamus.

The authority to execute patents to land emanating from the state is placed by law in the Governor and the Land Commissioner. A consideration of this motion does not call for an inquiry as to the valid exercise of this authority in respect of the particular patent in question, but the controlling question is whether authority to annul the instrument, after execution thereof has been completed by issuance, is held by the Land Commissioner. Conceding that the acts of the Governor and the Land Commissioner, relating to the patent, were of a ministerial nature, nevertheless the patent, prior to the commencement of this proceeding for mandamus, had become a muniment of title under an executed sale. No law can be found which undertakes to authorize the Land Commissioner, except at the instance of patent holders in cases specified in the statutes, to annul any patent which has been fully executed by the proper officials. This requires the exercise of judicial authority. No such authority appertains to his office, and no duty in this respect rests upon him. The patent in question stands as a barrier to the issuance of the permit sought by the relator. The title evidenced by the patent cannot be adjudicated in this proceeding. Ray v. Robison (recently decided by the Supreme Court); Fitzgerald v. Robison, 110 Texas, 468; O'Keefe v. Robison, 116 Texas, 398.

The case of Jones v. Robison, 104 Texas, 70, is distinguishable on principle from the instant case, and those cited above, by the important fact that the patent involved in the Jones case was issued after the jurisdiction of the Supreme Court had attached to the subject-matter of the controversy.

If the patent in question be void as claimed, and if the relator be vested with prior rights which are injuriously affected, a remedy is available; but that remedy does not lie in the present proceeding.

We recommend that the leave to file the application for mandamus be withdrawn and the application dismissed.

Mr. Judge NICKELS made the following memorandum of his dissent from the opinion of the Commission, and Mr. Presiding Judge HARVEY the accompanying memorandum in regard to such dissent.

If the recent decision in what is called the "Ray Case" makes the final rule, it cannot be doubted that Judge Harvey's recommendation is correct. Those cases, according to my understanding, are yet pending on rehearing.

The matter (of the present case) has been submitted to us, and we can but exercise our independent judgments. And my judgment compels belief that the rule is not justified by the decisions in Fitzgerald v. Robison, 110 Texas, 468; O'Keefe v. Robison, 116 Texas, 398, or in Juencke v. Terrell, 98 Texas, 237, or Dunn v. Wing, 103 Texas, 393, (cited in Fitzgerald v. Robison).

In the Juencke Case, it appears, there was a dispute between the State and certain parties whose origin pre-existed any and all acts done by the relator in his effort to acquire rights in or to the land involved. That is to say: The land which was sought to be purchased by Juencke was, according to the Land Office Records (or the Commissioner's interpretation of them), "in conflict with what appears to be a prior and incomplete grant * * * by the governments of the States of Coahuila and Texas to Phillip P. Dever." This "dispute as between the State and another party" (i. e., Dever's assignees) "as to the title" continued in existence.

In Dunn v. Wing it was made "plain that at the time of the issuance of the patent to Wallis, Landes & Co. for the section of land in controversy, plaintiffs in error had not taken any of the steps prescribed by the law to attach to the land any right of their own."

The land involved in Fitzgerald v. Robison was patented to Ashbel Smith in 1859 and since then had been held under the patent. The opinion does not show date when relators made their application for mineral permit, but from the history of relevant legislation we know it was subsequent to passage of the Act of 1913. The land involved in O'Keefe v. Robison, inferably, was patented long before the relator took any steps to fix rights in it.

Hence, the relevant decisions (in those cases) are that the validity of patents, etc., issued prior to taking of any step by a new claimant cannot be litigated in the manner undertaken in the present case. Dunn v. Wing holds, it will be noted, that such litigation cannot be maintained by anybody but the State even in the District Court.

It is lack of "prior right" (i. e., right whose inception is prior to issuance of patent) that is the basis of those cases, I think,—and not mere outstanding of patent.

And that presence of "prior right" is sufficient, is the inference (if not the declaration) of the opinions cited. A statement in Dunn v. Wing (repeated in like or substantially like terms in the other cases and in Judge Harvey's opinion) is this: "The patent can only be attacked by the State, or by any one having a right in the land prior to the patentee."

Guenther "filed" January 11, 1927. Patent issued to Hendrick's assignee August 27, 1927. These facts, it seems to me, make Guenther's case maintainable as against objections that a "patent" has been issued; and this upon authority of the Juencke, Dunn, Fitzgerald and O'Keefe cases.

This has been said upon assumption that all interested persons are parties (O'Keefe v. Robison) or if any are absent they may yet properly be brought in.

Original jurisdiction is vested in the Supreme Court, as in the District Court, by the Constitution. Mandamus pre-supposes lack of "issues of fact," i. e., lack of occasion for a jury trial. If such an issue should develop, the proceeding, of course, would have to be dismissed.

The implication of Judge Harvey's opinion (and, in fact, of the Ray, etc., cases) is that there is a remedy in the District Court. But if mere existence of a "patent" is a bar here, it is also a bar in the District Court so long as the State does not attack. Dunn v. Wing, ante.

### MEMORANDUM BY JUDGE HARVEY.

It is settled that an *award* by the Land Commissioner may be cancelled by him upon discovery of its illegality. In such a case, the sale is executory and "title" remains in the state. The rights of the purchaser under the award, as between him and the state, depend upon the regularity of the proceedings upon which the award is based. If he have rights, they are equitable, and do not constitute "title." Whereas a patent, *of itself,* is evidence of an executed sale and of "title" being in the holder; it is made so by law. The power to render it nugatory in this respect clearly requires the exercise of judicial discretion—the power to judge. No decision has been found which holds that the Land Commissioner, either of his own motion or through the courts, has authority to set aside an

*executed* sale, and destroy the evidence of "title" held by the patentee at the hands of the state. The Supreme Court has no original jurisdiction over the question of "title," even under the guise of a mandamus proceeding against the Land Commissioner, for the latter has no authority to determine that question in the first instance.

These observations are made in view of the dissent of Judge Nickels.

The opinion of the Commission of Appeals is adopted, and the application for mandamus dismissed.

<div align="right">

*C. M. Cureton,* Chief Justice.