## MARSHBURN v. WALKER, Land Com'r, et al.
### Motion No. 9857.

Supreme Court of Texas.
Oct. 19, 1931.

R. J. Randolph, of Austin, for relator.

PER CURIAM.

This is an application to file petition for mandamus by L. H. Marshburn, against J. H. Walker, land commissioner of Texas, as respondent, and Mealey Johnson, a feme sole, and certain other parties as co-respondents. The petition seeks to compel Walker, commissioner, to cancel an award of the land in question here to Mealey Johnson, and to approve relator's field notes, or have same corrected, if incorrect, and then approve same, and thereafter fix a minimum price as provided by law, in order that relator may proceed to exercise his preference right to purchase a mineral lease from the state to the tract of land in question here, which consists of 18.71 acres in Rusk county, Tex. The record in the case shows that patent to this land has issued from the state of Texas to Mealey Johnson. This patent is an absolute bar to any relief in this character of proceeding. Guenther v. Robison, 118 Tex. 485, 17 S.W.(2d) 765, 32 S.W.(2d) 640, and authorities there cited.

The application to file petition for mandamus is refused.

## DAVIS et al. v. MECKEL.
### No. 18378.

Supreme Court of Texas.
Oct. 14, 1931.

J. A. Thomas, Lloyd Kerr, and Louis D. Gayer, all of San Angelo, for plaintiffs in error.

L. W. Elliott and Frank O. Ray, both of Sonora, and Morriss & Morriss and Reed Cozart, all of San Antonio, for defendant in error.

PER CURIAM.

In this case the majority of the Court of Civil Appeals have said in their opinion that there was no evidence to support the verdict of the jury. However, the order actually entered was one of reversal and remand, instead of rendition. Under the practice which governs this court, that type of order is equivalent to a holding merely that the evidence was insufficient to support the verdict of the jury. Under this state of the record, this court is without jurisdiction to grant the writ of error, for the reason that the question of the sufficiency of the evidence is one in which the judgment of the Court of Civil Appeals is final. For the reasons stated, the application for writ of error is dismissed for want of jurisdiction. Tweed v. Western Union Telegraph Co., 107 Tex. 255, 166 S. W. 696, 177 S. W. 957; Marshburn v. Stewart, 113 Tex. 519, 254 S. W. 942, 260 S. W. 565.