## W. J. Caples v. J. H. Walker, Land Commissioner, et al.

Motion No. 10623.   Cause No. 6177.   Decided March 15, 1933.
(58 S. W., 2d Series, 17.)

*W. H. Flippen* and *John T. Gano,* both of Dallas, and *Ben H. Powell,* of Austin, for relator.

*James V. Allred,* Attorney General, and *Bramlette & Meredith,* of Longview, and *John B. Files,* of Shreveport, La., for respondents.

The relator's petition shows that his rights, if any he have, originated subsequent to these of M. T. Cole.   True, he alleges that the patent to Cole is illegal; but this court in mandamus proceedings will not try the legality of his title.   The petition shows the legal title is vested in M. T. Cole, and relator alleges he has acquired an equitable right.   Such rights will not prevail in mandamus proceedings as against a legal title. Guenther v. Robinson, 118 Texas, 485, 17 S. W. (2d) 765.

The allowance or refusal of the writ is addressed to the sound discretion of the court and if there is a doubt of its propriety or necessity, the court will refuse to issue the writ.

Telluride v. Teague, 240 S. W., 950; Kemp v. Wilkinson, 113 Texas, 491, 259 S. W., 912.

The land officers in the exercise of their jurisdiction and power issued a patent to the land to M. T. Cole and the lands therefore are no longer unappropriated lands of the State. Taylor v. Llewellyn, 79 Texas, 96, 14 S. W., 1052.

MR. JUDGE LEDDY delivered the opinion of the Commission of Appeals, Section B.

On April 21, 1932, the relator, W. J. Caples, was granted leave to file petition for mandamus to compel J. H. Walker, Land Commissioner, respondent, to award him a mineral lease upon certain land situated in Gregg County, Texas.

The respondent Land Commissioner has filed a motion herein asking this court to withdraw leave granted relator to file said petition and to dismiss the petition therefor upon the ground that the issuance of a patent covering the land involved to M. T. Cole prior to the filing of relator's petition constitutes an effective bar to the relief sought by him.

It appears from the record in this proceeding that on August 18, 1931, M. T. Cole, one of the respondents herein, made application to purchase the tract of land upon which relator seeks a mineral lease and thereafter on the 16th day of December, 1931, a patent to this land was issued by the Land Commissioner to the said Cole.

■ It has been repeatedly held by the Supreme Court that the prior issuance of a patent is an effective bar to the issuance of a writ of mandamus by said court to compel the land commissioner to award to another the land covered by the patent. Fitzgerald v. Robison, 110 Texas, 468, 220 S. W., 768; O'Keefe v. Robison, 116 Texas, 398, 292 S. W., 854; Ray v. Robison, 118 Texas, 331, 15 S. W. (2d) 541; Marshburn v. Walker et al., 121 Texas, 88, 42 S. W. (2d) 417; Brown v. Robison, 118 Texas, 484, 17 S. W. (2d) 766 (Com. App.); Guenther v. Robison, 118 Texas, 485, 17 S. W. (2d) 765.

Relator recognizes the rule laid down in the above cases, but asserts that it is not applicable in the proceeding filed by him for the reason that there was filed in the Supreme Court on the 13th day of August, 1931, an application for petition to file mandamus in the case of R. R. James, relator, v. J. H. Walker, Land Commissioner, et al., respondents, which application was granted by the court on the 10th day of October, 1931; that said proceeding involved an interpretation of the 1931 mineral act as applied to an area of land growing out of

the correction of the A. Parke Survey, which is the identical proposition advanced by relator in this case.

It is shown, however, that before final hearing James made some character of settlement and abandoned the further prosecution of his claim against M. T. Cole, and that on his motion said mandamus case was dismissed from the docket of the Supreme Court in December, 1931.

■ Relator contends the Supreme Court acquired jurisdiction over the subject matter of this controversy in the proceeding instituted by James, and therefore the Land Commissioner was without authority to issue a patent to this land to Cole until that case had been finally disposed of. To sustain this proposition he relies upon the case of Jones v. Robison, 104 Texas, 70. In that case it appears that after Jones had filed his motion in the Supreme Court for leave to file petition for mandamus, the Land Commissioner issued a patent for the land to one Coleman. Upon final hearing the Supreme Court determined that Jones was legally entitled to the land involved and directed the Land Commissioner to reinstate his purchase upon the records of the land office, and to cancel the patent issued to Coleman during the pendency of said proceeding.

If James had prosecuted his mandamus suit to final judgment and the Supreme Court had reached the conclusion that he was legally entitled to the land involved, undoubtedly it would have entered an order similar to that made in Jones v. Robison, that is, it would have given direction to the Land Commissioner to cancel the patent issued to Cole. The reason for the rule announced by the Court in the Jones case is plain. When Jones' petition was filed in the Supreme Court that Court acquired jurisdiction to decide the validity of the claim therein asserted. The Land Commissioner could take no action before Jones' claim was finally disposed of, which would tend to render ineffective a judgment which might be subsequently rendered by the Supreme Court. The action of that Court in compelling the Land Commissioner to cancel the patent, issued before the final determination of the pending mandamus suit, was the mere exercise of its constitutional authority to protect and preserve its jurisdiction.

Such rule, however, can properly have no application in this case. At the time the Land Commissioner issued the patent to Cole there was no proceeding by relator pending in the Supreme Court; hence, at that time the court had acquired no jurisdiction over the claim now asserted by him. The Land Commissioner has taken no action during the pendency of this

proceeding which operates to prevent the Supreme Court rendering an effective judgment in this case, as the motion for leave to file petition for mandamus was filed by relator in this court long after the patent had been issued to Cole. The Supreme Court could not consistently order the Land Commissioner to cancel the Cole patent because of an interference with its jurisdiction in this case, as such jurisdiction was not existent at the time said patent was issued.

Relator's rights are not based upon any assignment from James, nor do they in any way emanate from his claim. The claim set forth in relator's petition is not one based upon any action taken by James. It is founded upon an alleged compliance by relator with the laws regulating the leasing of mineral lands owned by the State of Texas. Under no theory can it be held that the pendency of James' mandamus proceeding, which was dismissed before the filing of the petition in this case, in any way interferes with the jurisdiction of the Supreme Court to render an effective judgment on a claim based upon a different state of facts asserted by another and different party, in an altogether separate and independent proceeding.

We therefore recommend that respondent's motion be sustained and that the leave heretofore granted to relator to file petition for mandamus be withdrawn and that his motion for leave to file petition for mandamus be dismissed.

Leave to file petition for mandamus is withdrawn and petition is dismissed.

C. M. CURETON, Chief Justice.