### JAMES DUNN AND WIFE V. WILSON D. WING.

Application No. 6774.  Decided May 18, 1910.

**1.—Public Lands—Settlement—Right to Purchase.**

One who settled on and improved lands belonging to the State, with the intention of purchasing them, but took no further steps prescribed by law to obtain a right to purchase same in preference to other applicants, acquired no rights therein which could be the basis of an attack on the title of another who subsequently obtained patent from the State. (P. 394.)

**2.—Same—Patent—Who can Attack.**

The validity of a patent can only be attacked by the State or by some one who had acquired from the State a right in the land prior to that of the patentee. The effect of refusal of a writ of error in this case is limited to the approval of this ruling. (P. 394.)

Application for writ of error to the Court of Civil Appeals for the First District, in an appeal from Jasper County.

Wing sued Dunn and wife in trespass to try title. Defendants had judgment, which, on plaintiff's appeal, was reversed and rendered in his favor. (Wing v. Dunn, 127 S. W., 1106.)

*Geo. F. Holland,* for plaintiffs in error.—Appellees at the time of their entry upon the land had, under the law in force, the preference right for six months after its classification and appraisement in which to purchase the same or to file their application to purchase the same. (This is not disputed by defendant in error. The Act itself confers this right conditioned upon settlement. Simpson v. Oats, 114 S. W., 105.) After appellees entered upon the land and became actual settlers thereon they could not further mature their right to purchase and could make no application to purchase until the land was classified and appraised. (Boswell v. Terrell, 97 Texas, 260.) The record of the classification and appraisement in the county clerk's office is an essential requirement of the statute and made for the purpose of affording all persons an equal opportunity to purchase the land. (Ford v. Brown, 96 Texas, 543.) The prior and preference right given under the law to the actual settler is not forfeited because an officer failed to do his duty and the failure of the clerk to record the classification, if he had received one, does not destroy the preference and prior right given to the settler. (Snider v. Methvin, 60 Texas, 491; Tarpey v. Madsen, 178 U. S., 215.) This prior right or preference having been earned by the expenditure on the part of the plaintiffs in error of their work and labor and capital can not be taken away by a repeal of the law. Mayor v. Houston Street Ry., 83 Texas, 555; Quinlan v. Houston & T. C. Ry. Co., 24 S. W., 695. It makes no difference that this was a mere gratuity on the part of the State. (Milam County v. Bateman, 54 Texas, 163.) The law deals tenderly with plaintiffs in error in guarding and protecting their prior and preference right to buy this land. (Ard v. Brandon, 156 U. S., 537.) Their failure to initiate their right to purchase by formal application being dependent on the classification and valuation of the land being made and recorded in the clerk's office of the county,

their failure to do this under the facts of this case does not destroy their preference right because they acted with as much promptness as was possible under the circumstances, no classification and appraisement ever having been placed of record in the county clerk's office, and they having no knowledge that the land had ever been classified, on account of the failure of some officer to do his duty. (Nelson v. Northern Pac. Ry., 188 U. S., 108, 47 L. Ed., 412.) That being the case, and the superior right still remaining in appellees to the land, the legal title vested by the patent in appellant should be divested out of him and vested in appellees, plaintiffs in error, as holders of the prior and better equitable right, upon plaintiffs in error paying to appellant the purchase price paid by him to the State. Gullett v. O'Connor, 54 Texas, 416.)

MR. JUSTICE WILLIAMS delivered the opinion of the court.

From facts stated in the opinion of the Court of Civil Appeals, it is plain that at the time of the issuance of the patent to Wallis, Landes & Co. for the section of land in controversy, plaintiffs in error had not taken any of the steps prescribed by the law to attach to the land any right of their own. As the patent can only be attacked by the State, or by one having a right in the land prior to that of the patentee, the application for writ of error must be refused.

The improvements were made by plaintiffs in error on land known by them to belong to the State, without having done anything entitling them to hold it. Such improvements, therefore, could not prevent the State from patenting to anyone else, nor affect the right of the patentee to recover title and possession. This view of the case renders it unnecessary that we decide whether or not article 4218q, Revised Statutes, unrestricted by articles 4218f and 4218j, authorized the purchase by one person of the timber on an unlimited number of sections of school lands and the purchase thereafter by such person of more than four sections of the same land; and, if it did, whether or not such purchases could lawfully be made by or for a corporation. The State is the only one who can now raise such questions with respect to this land.

*Application refused.*