ROBERT E. O'KEEFE v. J. T. ROBISON, COMMISSIONER OF THE
GENERAL LAND OFFICE.

Motion No. 7317.    Decided March 9, 1927.

(292 S. W., 854).

1.—Mandamus—Parties.

Mandamus will not issue unless all parties whose interests may be affected by the results of the litigation are made parties to the suit. (P. 400).

2.—Same—Leave to File.

Leave is refused to file petition in the Supreme Court for mandamus

requiring the Land Commissioner to issue permit to prospect for oil on lands alleged to belong to the State, the holders under patent thereto and contracts for their purchase from the State, alleged to be invalid, not being made parties.   (Pp. 399, 400).

### 3.—Patents for Land—Who May Attack.

After a patent to land valid on its face has been issued no one but the State can challenge its validity.   (P. 400).

Motion by O'Keefe for leave to file in the Supreme Court a petition for writ of mandamus against the Commissioner of the General Land Office.

*O'Keefe,* in *pro. per.* and *C. B. Reeder,* for relator.

MR. CHIEF JUSTICE CURETON delivered the opinion of the court.

This proceeding is upon motion for leave to file a petition for mandamus.   The prayer is that this writ issue requiring the respondent, J. T. Robison, Commissioner of the General Land Office, to issue a permit to the relator authorizing him to prospect for oil and gas on lands which, it is claimed, are public lands. The land involved is some 469 acres lying in the bed of Dixon Creek, in Hutchinson County, Texas.

It is alleged that Dixon Creek is a statutory navigable stream, and that therefore the bed of the stream is the property of the State.   This insistence is predicated upon Revised Statutes, Art. 5302, which has been the law of this State since the Act of 1837 of the Republic of Texas.   This Act declared that all streams, so far as they maintain an average width of thirty feet, shall be considered navigable streams, and should not be crossed by survey lines.

For reasons which will appear, we will pretermit any discussion as to the ownership of the beds of navigable streams.

The motion before us must be determined adversely to the relator, for two reasons:  First, because necessary parties have been omitted from the petition; and second, because the land here involved has been patented, and these patents, in so far as the petition discloses, remained unchallenged by the State. The petition quotes the order of the respondent rejecting the application for the permit, in which it is stated that the application is rejected because the land here involved is within patented surveys, and not subject to permit.   The allegation is also made in the petition that certain of the surveys have been patented, and as to the others contracts of sales and purchase

have been heretofore entered into. The terms of these contracts, however, are not alleged, and we are not able to determine whether the Commissioner could cancel the same or issue permits without regard thereto. However, it is obvious that the patentees and contract holders of the lands here involved, or their vendees, are interested in the result of this litigation, and are necessary parties.

The law as declared by this court has long been that mandamus will not issue unless all parties whose interests may be affected by the result of the litigation are made parties to the suit, so that they may have their day in court. Chappell v. Rogan, 94 Texas, 492, 62 S. W., 539; Nevitt v. Wilson, 285 S. W., 1079.

The petition for mandamus attacks the validity of the patents heretofore issued on the lands here involved. The petition in part alleges:

"But your petitioner represents and respectfully suggests to this honorable court in that regard that in so far as any private surveys have been extended across or over portions of any part of the bed of Dixon Creek within the area embraced in petitioner's application, not made under the laws of the State relating to permits or leases to prospect for and develop oil and gas, and not made under the provisions of the laws relating to mineral claims and prospecting permits under the laws relating to other minerals than oil and gas, but made under the laws relating to donations to railroads of lands in consideration of railroad construction, or made under the laws relating to donations to veterans and their widows, the said surveys are illegal and void."

Since the validity of the patents is attacked by the petition, it is plain that we must also refuse to permit the application for petition for mandamus to be filed for that reason. The rule in this State is, that after a patent valid on its face has been issued, no one but the State can challenge its validity; and the relator here has no authority to challenge the validity of the patents here involved. Fitzgerald v. Robison, 110 Texas, 468, 220 S. W., 1068.

The case cited was an original proceeding in this court against the Commissioner of the General Land Office for a writ of mandamus to require the latter to issue a permit to prospect for oil and gas on certain lands alleged to have been unlawfully patented, and to be the property of the State. This court refused to permit the petition for mandamus to be filed, holding that as between the State and other parties the land has the status of titled land, and that the Commissioner was without

the power to disregard the patent previously issued and to issue the permit applied for.  In an opinion written by Chief Justice Phillips this court in part said:

"The land here involved was patented to Ashbel Smith in the year 1859 and it is now held under that patent.  The patent has never been annulled by any suit at the hands of the state.  For more than sixty years the State has recognized its validity so far as indicated by any action on its part.  As between the State and other parties, therefore, the land has the *status* of titled land.

"We do not think the Land Commissioner, an executive officer, has the authority or is at liberty to disregard the patent, by his own action in effect declare it void, and grant rights in conflict with it; and he should not be compelled to do so.

"It was for this reason that the Commissioner refused to issue the permit, and his action must be approved.

"The Commissioner is not a judicial officer.  It is not his function to annul grants of land formally made by the State, and because so made, entitled to be respected until set aside by appropriate judicial proceedings.  A patent to land can only be attacked by the State or someone invested with a right prior to the patent.  Dunn v. Wing, 103 Texas, 393.

"If the particular land has been wrongfully patented, and it is rightfully a part of the public domain, the remedy of the State is an action in the District Court prosecuted by the Attorney-General.  Art. 5468.

"This court will not pass upon the validity of such titles in mandamus proceedings brought by private parties against the Land Commissioner."

For the two reasons heretofore stated, the motion for leave to file the petition for mandamus is overruled.

The other questions presented in the petition, involving the effect to be given patents when the land lines therein described cross navigable streams, whether or not the State has any right in the soil or minerals in the beds of such streams, and other related questions, have not been considered by us, because not properly before us, and are not in any sense determined in this opinion.

The motion for leave to file is overruled.

*C. M. Cureton,* Chief Justice.