Robert E. O'Keefe v. J. T. Robison, Commissioner of the General Land Office.

No. 4796. Decided October 26, 1927.
(299 S. W., 213).

*Robert E. O'Keefe* and *Reeder & Reeder,* for relator, cited: Sibley v. Robison, 212 S. W., 932; Landry v. Robison, 219 S. W., 819; Red River Natl. Bank v. Ferguson, 192 S. W., 1088; Ex Parte Peede, 170 S. W., 749. On repeal by implication: Bryan v. Sundberg, 5 Texas, 418; Rogers v. Watrous, 8 Texas, 61; Berry v. State, 156 S. W., 626; 36 Cyc., 1076; Geddes v. Terrell, 110 S. W., 429; Laughter v. Seela, 59 Texas, 177; Duncan, Wyatt & Co. v. Taylor, 63 Texas, 645.

*Claude Pollard,* Attorney-General, and *C. W. Truehart,* Assistant, for respondent.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

This is a proceeding upon a petition by the relator, Robert E. O'Keefe, for mandamus. The issuance of such writ is sought against respondent, J. T. Robison, the Commissioner of the General Land Office, to compel him to approve relator's application for a permit to prospect for and develop petroleum and natural gas in a certain parcel of land alleged to be unsurveyed public school land, and to issue to relator such permit. Facts are alleged by relator showing full compliance with legal requirements in the making of the application for such permit.

The respondent, by duly verified answer, alleges that the parcel of land to which the relator's application relates is occupied and claimed by third parties, who are not parties to this proceeding; that these third parties are claiming title to said land as being part of a survey for which the State issued a patent in the year 1895, of which patent the third parties are holders; that there exists a substantial controversy between the State and the third parties respecting the question of fact as to whether or not the land involved here is embraced within the calls of said patent; that for the purpose of determining such question of fact the State, through the Attorney-General, has filed in the District Court of Travis County, a suit in trespass to try title against said third parties and other conflicting claims, for the recovery of the land covered by relator's application, which suit still is pending, and the relator is a party to that suit; that until such suit

is determined, the respondent is unable to determine whether said land is covered by the patent under which the third parties hold.

In this state of the case, a writ of mandamus as prayed for will not be issued by this court. O'Keefe v. Robison, 116 Texas, 398, 292 S. W., 854; Teat v. McGaughey, 85 Texas, 486; Juenke v. Terrell, 98 Texas, 237; Chappell v. Rogan, 94 Texas, 492; De-Poyster v. Baker, 89 Texas, 155; Land Commissioner v. Smith, 5 Texas, 479.

We recommend that the relator's petition for mandamus be dismissed.

The opinion of the Commission of Appeals is adopted, and the petition for mandamus dismissed.

C. M. Cureton, Chief Justice.