WORTH S. RAY v. J. T. ROBISON, COMMISSIONER OF GENERAL
LAND OFFICE.

Motion No. 8461. Decided March 27, 1929.

G. O. NEWMAN v. J. T. ROBISON, COMMISSIONER OF GENERAL
LAND OFFICE.

Motion No. 8462. Decided March 27, 1929.

J. J. McCOOK v. J. T. ROBISON, COMMISSIONER OF GENERAL
LAND OFFICE.

Motion No. 8463. Decided March 27, 1929.
(15 S. W., 2d Series, 541.)

*Edwin H. Yeiser,* for relators.

That the sale by the Commissioner of the General Land Office of
the land in controversy to the Central State Bank of Abilene, a
banking corporation, was absolutely void because made in violation
of Articles 5306 and 5311 of the Revised Statutes of 1925. State v.
Thompson, 64 Texas, 694; Weaver v. Robinson, 268 S. W., 141;
Chambers v. Robinson, 179 S. W., 123.

The word "owner" used in the repurchase act does not determine
the qualifications of the purchaser, and was not so used for such pur-
pose, as it then had a judicial construction to the effect that it was
not to be construed as determining the qualifications of purchasers of
public school lands; and this court should assume that the word
"owner" was used in said act as theretofore construed and defined
by this court. Mound Oil Co. v. Terrell, 92 S. W., 151; Lufkin
Ld. & Lumb. Co. v. Terrell, 10 S. W., 134; Fortenbery v. State,
283 S. W., 146.

The repurchase sale to the Central State Bank of Abilene being
void, the deed from it to R. R. Massey did not constitute a *valid*
chain of title to Massey as a basis for substitution in the Land Office
under Article 5329.

It clearly appears that the land in controversy is being held under a sale by the Land Commissioner, which *two articles of the statutes of this State prohibited him from making*—so no sale in fact has been made, yet respondents are clothed with apparent title to the land, and relator is being denied his legal rights to it. Relator has but one remedy, that to apply to this court for writ of mandamus.

*J. B. Lewright,* as *amicus curiae,* also filed argument in support of the position of relator, on a motion for rehearing, which was overruled. The Supreme Court also declined to permit filing of a second motion by relator for rehearing and for oral argument.

*Wallace Hawkins,* for co-respondent Magnolia Petroleum Co., and *Ben. H. Powell* and *Rex G. Baker* and *E. E. Townes* of counsel, for co-respondent Humble Oil & Refining Co.

It appearing from relator's application that the land in question has heretofore been sold by the state and subsequently patented and that such sale and patent have not been set aside nor questioned by the State and that the State cannot now so question said title, the Supreme Court will not entertain a petition for mandamus by one seeking to obtain a prospecting and mineral permit on said land, thereby attacking the validity of the sale and patent of said land. Fitzgerald v. Robison, 110 Texas, 468, 220 S. W., 768; Mackay v. Robison, 291 S. W., 1102; O'Keefe v. Robison, 292 S. W., 854; Article 5329, Revised Civil Statutes of 1925.

Regardless of the alleged invalidity of the award to and the repurchase of said land on March 9, 1926, by the Central State Bank of Abilene, since petitioner's application shows that R. R. Massey became substitute purchaser under said award and completed the purchase of said land and secured patents thereto, and that said sales and patents to the substitute purchaser have in no manner been set aside nor questioned by the State, the Supreme Court will not permit relator in a mandamus proceeding in which he seeks to secure a mineral permit to attack the titles which have become vested. Same authorities, also, Goodwin v. Koonce, 130 S. W., 620; Reininger v. Pannell, 101 S. W., 816; Johnson v. Bibb, 75 S. W., 73; Clarke v. Altzier, 145 S. W., 1045; Perry v. Martin, 180 S. W., 1150.

The Central State Bank of Abilene on November 5, 1924, became by its purchase, through a judicial sale, the legal and valid owner and vested with the right to complete the purchase from the State and acquire patent under the Darwood award of July 5, 1906, to the

land in question, inasmuch as neither the act of 1905 under which said Darwood purchased, nor the statutes regulating the transfer of such rights to purchase prohibited or prevented a corporation from becoming a valid legal substitute purchaser thereunder. Acts of the Regular Session of the 29th Legislature, Chapter 103, page 159 (Gammel's Laws, Volume 12); Articles 392, 1359, 5328 and 5329 of the Revised Civil Statutes of 1925; Mound Oil Co. v. Terrell, 99 Texas, 625, 92 S. W., 451; Wing v. Dunn, 127 S. W., 1106; Payne v. Cox, 143 S. W., 336; Chaney v. State, 19 S. W., 710; Taylor v. Burke, 1 S. W., 910.

The Central State Bank of Abilene, notwithstanding it was a corporation, was the owner vested with the right to purchase the land at the time of the forfeiture of the Darwood award for non-payment of interest on September 22, 1925; and as "the owner of such land at the date of the forfeiture" was vested with the right to re-purchase the same under the terms of the act of 1925. Acts of the Regular Session, 29th Legislature of 1905, Chapter 103, page 159 (Gammel's Laws, Vol. 12); Acts of the Regular Session of 39th Legislature, Chapter 94, page 267; Payne v. Cox, 143 S. W., 336; Chaney v. State, 19 S. W., 710; Taylor v. Burke, 1 S. W., 910; Article 5329, Revised Civil Statutes of 1925.

PER CURIAM: It is unnecessary to consider the merits of these applications further than to say that since the Commissioner of the General Land Office is not clothed with authority to annul patents, he cannot be compelled by mandamus from the Supreme Court to issue a mineral permit in lands patented to another by the State. Until some court of competent jurisdiction adjudicates the patents to the lands involved in these suits to be void, the Land Commissioner is under no plain, legal duty to grant these permits. Fitzgerald v. Robison, 110 Texas, 468; O'Keefe v. Robison, 116 Texas, 398.

Permission is therefore denied to file the petitions for mandamus.