## GUENTHER v. ROBISON.
### Motion No. 8609; No. 5730.

Commission of Appeals of Texas, Section A.
June 5, 1929.

For majority opinion, see 118 Tex. 485, 17 S.W.(2d) 765.

NICKELS, J., made the following memorandum of his dissent from the opinion of the Commission, and HARVEY, J., the accompanying memorandum in regard to such dissent.

If the recent decision in what is called the "Ray Case" (Tex. Sup.) 15 S.W.(2d) 541, makes the final rule, it cannot be doubted that Judge HARVEY'S recommendation is correct. Those cases, according to my understanding, are yet pending on rehearing.

The matter (of the present case) has been submitted to us, and we can but exercise our independent judgments. And my judgment compels belief that the rule is not justified by the decisions in Fitzgerald v. Robison, 110 Tex. 468, 220 S. W. 768; O'Keefe v. Robison, 116 Tex. 398, 292 S. W. 854, or in Juencke v. Terrell, 98 Tex. 237, 82 S. W. 1025, or Dunn v. Wing, 103 Tex. 393, 128 S. W. 108 (cited in Fitzgerald v. Robison).

In the Juencke Case, it appears, there was a dispute between the state and certain parties whose origin pre-existed any and all acts done by the relator in his effort to acquire rights in or to the land involved. That is to say: The land which was sought to be purchased by Juencke was, according to the land office records (or the commissioner's interpretation of them), "in conflict with what appears to be a prior and incomplete grant * * * by the governments of the states of Coahuila and Texas to Philip P. Dever." This "dispute as between the state and another party" (i. e., Dever's assignees) "as to the title" continued in existence.

In Dunn v. Wing it was made "plain that, at the time of the issuance of the patent to Wallis, Landes & Co. for the section of land in controversy, plaintiffs in error had not taken any of the steps prescribed by the law to attach to the land any right of their own."

The land involved in Fitzgerald v. Robison was patented to Ashbel Smith in 1859 and since then had been held under the patent. The opinion does not show date when relators made their application for mineral permit, but from the history of relevant legislation we know it was subsequent to passage of the act of 1913. The land involved in O'Keefe v. Robison, inferably, was patented long before the relator took any steps to fix rights in it.

Hence, the relevant decisions (in those cases) are that the validity of patents, etc., issued prior to taking of any step by a new claimant cannot be litigated in the manner undertaken in the present case. Dunn v. Wing holds, it will be noted, that such litigation cannot be maintained by anybody but the state, even in the district court. It is lack of "prior right" (i. e., right whose inception is prior to issuance of patent) that is the basis of those cases, I think, and not mere outstanding of patent.

And that presence of "prior right" is sufficient, is the inference (if not the declaration) of the opinions cited. A statement in Dunn v. Wing (repeated in like or substantially like terms in the other cases and in Judge HARVEY'S opinion) is this: "The patent can only be attacked by the state, or by one having a right in the land prior to that of the patentee."

Guenther "filed" January 11, 1927. Patent issued to Hendrick's assignee August 27, 1927. These facts, it seems to me, make Guenther's case maintainable as against objections that a "patent" has been issued; and this upon authority of the Juencke, Dunn, Fitzgerald and O'Keefe Cases.

This has been said upon assumption that all interested persons are parties (O'Keefe v. Robison), or, if any are absent, they may yet properly be brought in.

Original jurisdiction is vested in the Supreme Court, as in the district court, by the Constitution. Mandamus presupposes lack of "issues of fact," i. e., lack of occasion for a jury trial. If such an issue should develop, the proceeding, of course, would have to be dismissed.

The implication of Judge HARVEY'S opinion (and, in fact, of the Ray, etc., cases) is that there is a remedy in the district court. But if mere existence of a "patent" is a bar here, it is also a bar in the District Court so long as the state does not attack. Dunn v. Wing, supra.

### Memorandum by HARVEY, J.

It is settled that an award by the land commissioner may be canceled by him upon discovery of its illegality. In such a case, the sale is executory and "title" remains in the

state. The rights of the purchaser under the award, as between him and the state, depend upon the regularity of the proceedings upon which the award is based. If he have rights, they are equitable, and do not constitute "title." Whereas a patent, of itself, is evidence of an executed sale and of "title" being in the holder; it is made so by law. The power to render it nugatory in this respect clearly requires the exercise of judicial discretion—the power to judge. No decision has been found which holds that the land commissioner, either of his own motion or through the courts, has authority to set. aside an executed sale, and destroy the evidence of "title" held by the patentee at the hands of the state. The Supreme Court has no original jurisdiction over the question of "title," even under the guise of a mandamus proceeding against the land commissioner, for the latter has no authority to determine that question in the first instance.

These observations are made in view of the dissent of Judge NICKELS.