### CATHEY v. BRIGGS. (No. 2350.)

Court of Civil Appeals of Texas. El Paso. Oct. 10, 1929.

Rehearing Denied Nov. 14, 1929.

C. W. Croom and Lea, McGrady, Thomason & Edwards, all of El Paso, for appellant.

Hunter, Brown & Brooke, of El Paso, for appellee.

PELPHREY, C. J. On May 19, 1899, H. H. Briggs applied to the Commissioner of the General Land Office to purchase the north half of section 24, block 73, township 7, Texas & Pacific Railway Company, Certificate No. 6598. According to the certificate of the Land Commissioner, the records in his office showed that the land was classified as "Dry Grazing Land" by the Commissioner on January 20, 1899, and that it remained under that classification on the records of the Land Commissioner's Office, until October 15, 1901. There is an admission by the appellant in the record that Mr. Briggs remitted to the treasurer of the state of Texas the sum of $8 which was the amount required to be paid, and that it was received by the treasurer on the 22d day of May, 1899, and credited to Mr. Briggs on the purchase of the land in question.

On July 6, 1899, Charles Rogan, the then Land Commissioner, wrote to Mr. Briggs as follows: "Your application to purchase as an actual settler the North half of Section 24, Block 73, is suspended for the reason that this land is in the mineral territory and cannot be sold unless you file a relinquishment to the State for all minerals on same. Purchasing land as dry grazing land would not entitle you to whatever minerals might be found on the same."

In response to this letter, Mr. Briggs, on July 21, 1899, wrote: "Replying to your favor

of July 6, in regard to relinquishing the minerals on the N. ½ of Sec. 24, Blk. 73, T. & P. R. R. Co. I respectfully request that if there is a special blank for same that one be mailed to my address, if not please make the award under the conditions and I hereby relinquish all claims to the mineral on said N. ½ section 24, Block 73, T. & P. R. R. Co."

On July 6, 1911, a patent was issued to Briggs to the above land and no reservation was made therein of any minerals.

In July, 1925, appellant was awarded certain mineral claims on the land in controversy, and he went upon the land and worked said claims.

Later Mr. Briggs died and left as his sole devisee the appellee in this case.

After the probate of Mr. Briggs' will, she filed this suit against appellant in trespass to try title, for damages, and prayed that appellant be enjoined from removing any gypsum deposits from the land.

Appellant answered by general denial, plea of not guilty, disclaimer as to all of the land sued for except four tracts containing 2,066 acres each, and a cross-action for damages.

The case was tried to a jury, and at the conclusion of the testimony the court instructed a verdict in favor of Kate S. Briggs and Cathey has appealed.

### Opinion.

Appellant in his brief presents twenty-three assignments of error and seven propositions thereunder. His first six propositions all raise the question of whether the mineral rights on the land were conveyed to Briggs, and the seventh questions the action of the court in ruling out the pleading and evidence of appellant as to improvements made by him on the land.

The question as to whether the minerals passed to Briggs under the patent as between him and the state it will not be necessary for us to decide, for the reason that the state is not a party and not here asserting any right to said minerals.

The patent issued to Briggs appears on its face to transfer to Briggs all the interest held by the state in the land without any reservations of any character. Appellant's claim to the minerals is based upon the fact that the patent does not convey what it appears on its face to convey and is therefore an attack upon it.

It has often been held by our Supreme Court that when a patent has been issued by the state, the legal title passes to the patentee and no one but the state or some one having a prior legal or equitable claim could avail themselves of any illegality attached to the issuance thereof. McLeary v. Dawson, 87 Tex. 524, 29 S. W. 1044; Wing v. Dunn, 60 Tex. Civ. App. 16, 127 S. W. 1101, writ of error denied by Supreme Court 103 Tex. 393, 128 S. W. 108.

In the case at bar appellant's interest arose long after the issuance of the patent; therefore, he is not in a position to challenge the validity of the patent under the decisions.

The rule stated above is based on sound reason and justice, and we can see no reason why a citizen holding lands under a patent from the state should be forced to defend his right to such land at the instance of any and every person who might choose to dispute his title.

If in this case the Commissioner inadvertently issued a patent conveying the mineral rights, the state might, in a proper proceeding, be able to recover them from the patentee, but surely that right which the state might have would not inure to every one of its citizens who might assert a claim to such minerals.

The patent being of record, appellant could not claim that he had no notice of appellee's rights in the minerals when the improvements were made, consequently the court did not err in excluding the evidence as to the value of the improvements.

Finding no error in the action of the court in instructing a verdict for appellee or in excluding the evidence as to the value of improvements made by appellant, the judgment of the trial court is affirmed.