## HARPER v. GARLINGTON et al.
### No. 1602.

Court of Civil Appeals of Texas. Eastland.
Sept. 13, 1935.

Thomas & McDonald, of Big Spring, for relator.

Price & Christopher, of Fort Worth, James T. Brooks, of Big Spring, and William E. Dahl, of Fort Worth, for respondents.

FUNDERBURK, Justice.

This is an original action brought in this court by J. H. Harper, seeking a writ of mandamus against J. S. Garlington, judge of the county court of Howard county, and Mrs. K. M. Van Zandt, of Tarrant county. The action relates to a cause pending in the county court of Howard county in which J. H. Harper is plaintiff, and O. Y. Miller and wife, Mrs. O. Y. Miller, and Mrs. K. M. Van Zandt, a feme sole, are the defendants. Said suit in the county court was filed June 24, 1932, and sought recovery against the defendants upon a note for $600 dated December 10, 1930, and due June 10, 1931, with interest. Before the service of citation upon the defendant Mrs. K. M. Van Zandt, and, to wit, on the 10th day of October, 1932, the latter executed a note to the plaintiff in the sum of $665, due six months after date; the suit remaining on the docket. After default in payment of the last-named note, plaintiff's petition was amended so as to seek recovery against O. Y. Miller and wife upon the original note, and against Mrs. Van Zandt upon the note subsequently executed by her, and citation was duly issued and served upon her. Mrs. Van Zandt filed an answer on May 28, 1935, and at the ensuing term the cause was continued by consent, and at the request of the plaintiff. On July 31, 1935, plaintiff filed a second amended original petition. On appearance day of the August term, 1935, the case was set for hearing on August 8, upon a motion for continuance filed by Mrs. Van Zandt. On the day set the court heard the motion for a continuance, which was in writing, and duly and formally sustained same, thereby continuing the case until the October term thereafter. This action seeks, or at least would have the effect, to set aside and hold for naught the order of the court sustaining the motion for continuance.

It is apparent from the foregoing statement that this action is a collateral attack upon the judgment of the county court granting the continuance. 25 Tex. Jur. p. 767, § 289.

It is recognized by the relator that this court cannot properly order the issuance of the writ unless there is shown an abuse of discretion on the part of the trial judge in continuing the case. Unquestionably the county court had jurisdiction over both the subject-matter and the parties. Such being the case, we entertain considerable doubt whether the action of the court, however erroneous it may have been, could be held to be void within the sense that the judgment of a court may be subject to collateral attack.

In Matagorda Canal Co. v. Styles (Tex. Civ. App.) 207 S. W. 562, it was sought by mandamus to compel a trial court to proceed in the trial of a case which had been continued. It seems to have been assumed that a Court of Civil Appeals upon application for mandamus could consider whether the granting of a continuance amounted to a refusal of the court to proceed with the trial of a case within the sense that such action may be enforced by mandamus. Mandamus was refused because the court was unable to say that the action of the court in granting a continuance was arbitrary and amounted to an abuse of discretion. See, also, Brammer v. Campbell, Judge (Tex. Civ. App.) 76 S.W.(2d) 791. We find it unnecessary definitely to determine the broad question of whether the action would lie in any event, or whether in the instant case the action of the trial court was in fact so arbitrary as to constitute an abuse of discretion. If it be conceded that the trial court abused its discretion in continuing the case, we are none the less of the opinion that under the record presented to us we have no jurisdiction to grant a mandamus and thereby set at naught the judgment of that court continuing the case. The parties to that judgment in addition to the parties before this court were Mr. and Mrs. O. Y. Miller. The judgment, whatever its defect, if any, was not a nullity. The Millers, therefore, are interested in the judgment continuing the case. Being so, they are necessary par-

ties to an action for mandamus in this court, the direct effect of which would be to annul that judgment. As was said in O'Keefe v. Robison, 116 Tex. 398, 292 S. W. 854, "The law as declared by this court has long been that mandamus will not issue unless all parties whose interests may be affected by the result of the litigation are made parties to the suit, so that they may have their day in court."

Relator, in his motion for leave to file the petition,' stated his purpose to dismiss the suit as to the Millers, but that, we think, is not sufficient. Until the Millers are formally dismissed, they have that interest in the judgment of the court continuing the case which, within the rule above stated, precludes this court in an action to which they are not parties from in effect vacating and holding for naught that judgment.

It is therefore our opinion that the petition for mandamus should be dismissed, and it is accordingly so ordered.