Jack D. CAMPBELL, Sr., Appellant,

v.

STATE of Texas, Appellee.

No. 13–81–048–CR.

Court of Appeals of Texas,
Corpus Christi.

Nov. 19, 1981.

Michael M. Fricke, Port Lavaca, for appellant.

Robert P. McGuill, County Atty., Refugio, John Miller, Jr., Sinton, for appellee.

Before NYE, C. J., and UTTER and KENNEDY, JJ.

OPINION

KENNEDY, Justice.

A jury convicted Jack D. Campbell, Sr., of criminal trespass and assessed punishment at a fine of $200.00.

At the outset, we are confronted with fundamental error, which although unassigned, requires reversal.

Texas Penal Code, Art. 30.05 defines criminal trespass in the following language:

"(a) A person commits an offense if he enters or remains on property or in a building of another without effective consent and he:

(1) had notice that the entry was forbidden; or

(2) received notice to depart but failed to do so."

The charging instrument is a complaint filed with the Justice of the Peace, Precinct

5 of Refugio County, which alleges that appellant "did then and there intentionally and knowingly *remain* on property of Negley Ranch, the owner thereof, without the effective consent of said owner and he had notice that entry was forbidden . . ." (Emphasis supplied.) Said complaint does not allege "entry".[1]

Appellant was convicted in Justice Court and upon appeal and trial de novo was convicted by a jury in the County Court of Refugio County based upon the latter court's charge to the jury to find the appellant guilty if the jury found that "Defendant . . . . did then and there intentionally or knowingly *enter or* remain on property . . . ." (Emphasis supplied.)

■ The underlined portion of the charge permitted the jury to find the defendant guilty of an offense defined in Texas Penal Code, Art. 30.05, but which theory was not included in the complaint. A charge which submits a theory of the offense not pleaded in the complaint is fundamental error. *Colbert v. State*, 615 S.W.2d 754 (Tex.Cr.App.1980); *Young v. State*, 605 S.W.2d 550 (Tex.Cr.App.1978); *Garcia v. State*, 574 S.W.2d 133 (Tex.Cr.App.1978). Even though the fundamental error is unassigned, as here, reversal is mandated. *Colbert v. State*, supra. See also *Brown v. State*, 595 S.W.2d 550 (Tex.Cr.App.).

In view of the remand and new trial herein ordered, we wish to make the following observation.

■ The appellant in this case has complained of the trial court's refusal to instruct the jury on the issue of the ownership of the land upon which appellant was alleged to be trespassing. We are in accord with the general principle that a special instruction is not necessary where the requested instruction merely emphasizes an element of the case which the State is required to prove and which the defendant affirmatively denies. In the instant case, however, ownership is not so easily ascertained as in most cases where, for example, the complaining witness merely states from the witness stand that he owns his home, his automobile or the money in his cash register, and the matter is not seriously contested. Here the alleged ownership is in coastal land, frequently submerged by tides and subject to alteration due to the forces of nature.

■ We do not seek to increase the burden of the State in proving the various elements of the offense of criminal trespass. The testimony of the alleged landowner or any other competent individual may be sufficient to make out a prima facie showing of ownership; or the introduction of relevant maps, deeds, patents, and the like may accomplish the same result. It is then up to the defendant to show by other competent expert or lay testimony that the land on which he was found was outside the boundaries described in the instruments by which the complainant claims title. In such case, when the issue is properly raised by the evidence, the demands of due process call for giving guidelines concerning the legal boundary lines to the jury. Then that body can determine ownership of the disputed land based upon the factual testimony of witnesses.

We pause to note that it is well established in Texas that the boundary between private coastal lands, title to which is traced to an Anglo-American jurisdiction, and the submerged lands of the public domain is the line of mean high tide. *Luttes v. State*, 159 Tex. 500, 324 S.W.2d 167, 183 (1958).[2] Therefore, that is the line which should be the key to an instruction regarding the boundary between private and public coastal lands in cases where such evidence is properly before the trial court.

1. The complaint was a printed form and the alternate words "received notice to depart but failed to do so" were inked out.

2. "Mean high tide," being the average of the *highest daily tides* over a long period, must be distinguished from the "mean higher high tide" of the Mexican (Spanish) law, which is a higher or more landward line. See *Luttes v. State*, 159 Tex. 500, 324 S.W.2d 167, 169–183 (1958).

The State raises the question of the appellant's standing to attack the validity of the complainant's patent. This point is well taken. Where the State has shown that the metes and bounds[3] description in its complainant's patent actually encompasses the actual spot where the alleged trespass took place, it has conclusively shown the complainant's greater right in the property. Only the State may attack the validity of a patent. See *Strayhorn v. Jones*, 157 Tex. 136, 300 S.W.2d 623, 632 (1957); *O'Keefe v. Robison*, 116 Tex. 398, 292 S.W. 854 (1927); *Dunn v. Wing*, 103 Tex. 393, 128 S.W.2d 108 (1980).

The judgment of the trial court is REVERSED and the cause is REMANDED for a new trial.

---

**3.** By "metes and bounds," we here refer to actual call numbers in the field notes, not to descriptions such as "shore line," "edge of the water," or other words of like effect.